## THE PEOPLE *v.* AH COW.

YE Cow is indicted for larceny; Ah Cow is arraigned, and pleads not guilty; Ey Chow demands a separate trial, and is tried; the verdict and judgment are against Ah Cow; Ey Chow moves for a new trial and appeals: *Held,* that Ey Chow who appeals is sufficiently identified with the proceedings, by being named as the party who was tried, to maintain the appeal.

*Held,* further, that the judgment must be reversed; that if the defendant should again be indicted for the same offense, it might be difficult for him to establish a previous conviction—the record wanting certainty.

APPEAL from the Court of Sessions of Nevada.

The indictment is entitled: " People of the State of California *v.* Ye Cow and An Goey, two Chinamen." The way in which it appears from the record that " Ye Cow " was indicted, " Ah Cow arraigned," etc., as is stated in the opinion of this Court, is that these were the different names given in the title of the case in its various stages from indictment to appeal. There is nothing in the record indicating that the same person bore the several names used.

Slade *v.* Sullivan.

*W. W. Upton & J. H. Stewart,* for Appellant.

*Thos. H. Williams,* Attorney General, for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The Attorney General very properly remarks that " the record in this case exhibits a great deal of carelessness," but we think the conclusion at which he arrives does not follow. After stating the facts, he recapitulates as follows : *Ye Cow* is indicted ; *Ah Cow* is arraigned and pleads not guilty ; *Ey Chow* demands a separate trial and is tried ; the verdict and judgment are against *Ah Cow ; Ey Chow* moves for a new trial and appeals. He contends that as the judgment is against *Ah Cow,* an appeal in the name of *Ey Chow* cannot be maintained ; but we think the *Ey Chow* who appeals is, for that purpose, sufficiently identified with the proceedings by being named as the party who was tried. The appeal being properly taken, it is clear that the judgment should not be permitted to stand. If the defendant should again be indicted for the same offense, it might be very difficult for him to establish a previous conviction. The record is wanting in certainty to a degree which should not be tolerated in criminal proceedings.

Judgment reversed, and cause remanded for a new trial.